IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

SUSAN ROY DURHAM, )
    PLAINTIFF, )
VS. )   CV01-H-0085-NE
FRANK S. DURHAM; )
UNITED STEELWORKERS OF AMERICA, )
    DEFENDANTS.

**MEMORANDUM OF DECISION**

    On December 6, 2000 plaintiff filed in the Circuit Court of Morgan County a four count complaint. The background for the claims arises out of a decree of divorce between plaintiff and defendant Frank S. Durham in the Circuit Court of Morgan County, Alabama on December 29, 1997. Such decree apparently required defendant Durham to secure and provide, at his expense, health insurance for plaintiff for a period of eighteen months following the entry of the decree. In Count One of the complaint plaintiff seeks to recover from defendant damages resulting from his alleged breach of the insurance obligation created by such decree. Count Three seeks to recover from defendant damages resulting from alleged false misrepresentations by him to plaintiff stating he had provided plaintiff the required insurance coverage. Count Two seeks to recover damages from the United Steel Workers of America ("Union") for conspiring with

defendant Durham to breach his legal obligation to plaintiff and Count Four seeks to recover damages from defendant Union for conspiring with defendant Durham to make such alleged false representations. On January 8, 2001 Union timely removed the action to this court, and defendant Durham timely consented to and joined in the removal.[1] The central focus of the basis for removal was Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, since Union was the collective bargaining unit of defendant Durham and the insurance which is the object of the complaint was the product of a collective bargaining agreement between Union and Dunlop Tires, the employer of defendant Durham. The removal notice specifically points out that the resolution of the facts and issues relevant to the claims asserted against Union is substantially dependent upon an analysis of the collective bargaining agreement, and therefore the claims are necessarily federal in nature and removable to a federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987).[2]

On August 2, 2001 Union filed a motion for summary judgment with regard to the claims against it, supporting the motion by a

---

[1] This court has jurisdiction under 28 U.S.C. § 1331. There apparently is no jurisdiction under 28 U.S.C. § 1332. See paragraph 2 of the complaint.

[2] The removal notice also specifically points out that any duty owing by Union to plaintiff arose out of its capacity as the collective bargaining representative and that the duty was one of fair representation under Vaca v. Sipes, 386 U.S. 171 (1967).

2

definitive brief, an affidavit of Billy Brewer, excerpts from the deposition of plaintiff and from the deposition of defendant Durham and additional material.  On August 15, 2001 the court entered an order advising the parties that the motion for summary judgment would be under submission as of September 11, 2001.  The court specifically advised plaintiff Durham that any evidentiary materials in opposition to the motion had to be filed by August 28, 2001 and that any brief in opposition to the motion had to be filed by September 11, 2001.  Plaintiff has submitted <u>no evidence</u> in opposition to the motion.  Plaintiff has submitted <u>no brief</u> in opposition to the motion.  The motion is now under submission.

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings or filings, which it believes demonstrate the absence of a genuine issue of material fact.  <u>Celotex</u>, 477 U.S. at 323.  Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the

depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324.

The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Id. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See Fitzpatrick, 2 F.3d at 1115-17 (citing United States v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991)(en banc)). Where, as here, the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the nonmoving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the nonmoving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

4

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of any evidence in the record in support of a judgment for the nonmoving party on the issue in question. This method requires more than a simple statement that the nonmoving party cannot meet its burden at trial but does not require evidence negating the nonmovant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the nonmoving party's case. <u>Fitzpatrick</u>, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the nonmoving party may either point to evidence in the court record, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the nonmoving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the nonmovant can no longer rest on mere allegations, but must set forth evidence of specific facts. <u>Lewis v. Casey</u>, 518 U.S. 343 (1996).

Assuming, without deciding, that the claims stated in Counts Two and Four are controlled only by federal law, the summary judgment motion in favor of defendant as to such claims would be due to be granted as there is no dispute as to any material fact and Union would be entitled to a judgment in its favor on such federal claims. Plaintiff did not elect to articulate expressly any such federal

claims in the complaint and has not responded to the motion for summary judgment, so the court feels it should address the state law claims as they are the ones stated in the complaint against Union and Union also expressly addresses those state law claims in its motion and brief. As noted earlier, the only claims in the complaint against Union are in Counts Two and Four, and both of those claims are claims that Union conspired with defendant Durham to breach his obligation to provide the insurance (Count Two) and to misrepresent to plaintiff the coverage (Count Four). While Alabama does recognize that a conspiracy claim can be a free-standing tort claim, Alabama law is clear to the effect that recovery from an alleged conspirator can only exist where there is evidence that the conspirator acted in order that the plaintiff be injured, as distinguished from the ordinary tort test of whether the claimed consequences of the conduct may reasonably be expected to flow from the acts of the one sought to be held accountable. In other words, the focus is on what was actually on the mind of the conspirator sought to be charged, not the consequences of the conspirator's action, and before a conspiracy claim can exist under Alabama law, there must be evidence that the conspirator sought to be held accountable acted <u>in order that</u> the plaintiff should suffer damages. <u>Snyder v. Faget</u>, 295 Ala. 197, 201; 326 So.2d 113, 119 (1976). Also, <u>see</u> <u>AmSouth Bank v. Spigener</u>, 505 So.2d 1030, 1040 (Ala. 1986).

6

There is simply no evidence from which a juror could conclude that Union acted in order that plaintiff be injured. While the law is clear that when responding to a motion for summary judgment the nonmovant can no longer rest on mere allegations in the complaint, the complaint does not even contain allegations that Union acted *in order that* plaintiff should suffer damage. There is no dispute as to any material fact and Union is entitled to a judgment as a matter of law in its favor on the conspiracy claims against it in Count Two and Count Four of the complaint. A separate final order will be entered.

The resolution of all the claims against Union eliminates from this action all claims over which this court has original jurisdiction. The remaining claims against defendant Durham in Count One and Count Three are claims over which this court has no original jurisdiction but only supplemental jurisdiction under 28 U.S.C. § 1367. Pursuant to 28 U.S.C. § 1367(c), the court expressly declines to exercise supplemental jurisdiction over the claims stated against defendant Frank S. Durham. Those claims will be dismissed, without prejudice, pursuant to § 1367, and the judgment in favor of Union will be certified as a partial final judgment under Fed. R. Civ. P. 54(b).

**DONE** this 20th day of September, 2001.

_____
SENIOR UNITED STATES DISTRICT JUDGE